Geoffrey C. Angel
ANGEL LAW FIRM
803 West Babcock
Bozeman, Montana 59715
Telephone (406) 922-2210
Facsimile (406) 922-2211
christianangel@hotmail.com

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION**

| | |
|---|---|
| JOHN SATTERWHITE and JULIE SATTERWHITE,<br><br>Plaintiffs,<br><br>vs.<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES, INC. and HOME DEPOT USA, INC.<br><br>Defendants. | Cause Number CV-23-58-BU-BMM<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

**COMES NOW** plaintiffs John and Julie Satterwhite, through their counsel of record Geoffrey C. Angel, and for their claims for relief allege as follows:

### NATURE OF ACTION

1. This action is brought by John and Julie Satterwhite against Sedgwick Claims Management Services, Inc. and Home Depot USA, Inc. for a Declaratory Judgment pursuant to Montana's Uniform Declaratory Judgment Act, §§ 27-8-101, et. seq.

2. Sedgwick Claims Management Services, Inc., at all relevant times herein, was and remains domiciled and has its principle place of business in Tennessee. It was incorporated in Florida in 1969.

3. Home Depot USA, Inc., at all relevant times herein, was and remains domiciled and has its principle place of business in Georgia. It was incorporated in Delaware in 1978.

4. John Satterwhite and Julie Satterwhite, at all relevant times herein, are and remain residents and domiciles of Gallatin County, Montana.

5. On December 26, 2022, John and Julie Satterwhite discovered a leak in the kitchen of their home located at 5000 Bigelow Road in Bozeman coming from the refrigerator installed by Home Depot that morning.

6. The Satterwhite's recently purchased a refrigerator and other appliances from Home Depot USA, Inc. at the Bozeman store and paid to have the appliances professionally installed by Home Depot.

7. Home Depot's agent, Temco Logistics, an appliance delivery and installation company recently acquired by Home Depot, delivered and installed the refrigerator in the Satterwhites' home.

8. The installation was performed in a negligent and defective manner.

9. John and Julie Satterwhite contacted Home Depot and reported the damage done to their home.

10. Home Depot is self-insured for losses and uses Sedgwick as its third-party administrator to investigate, handle, negotiate and settle claims.

11. Sedgwick opened a claim, assigned an adjuster and investigated.

12. Home Depot, and its agent Sedgwick, are bound to comply with the strictures of Montana's Unfair Trade Practices Act, §§ 33-18-201, et seq. This includes the duties to investigate, negotiate and pay consistent with the terms of subsections (1), (4), (6) and (13).

13. An issue has arisen regarding Sedgwick's obligation to conform its conduct to the UTPA which includes whether it may condition interim payments on a release of liability for Home Depot USA, Inc., Temco Logistics and its insurer from all claims arising out of or in any way growing out of the accident, casualty or event of December 26, 2022.

14. Home Depot, through Sedgwick, refuses to disclose its findings regarding liability and refused to confirm or deny whether liability was reasonably clear.

15. Home Depot, through Sedgwick, refuses to acknowledge it is bound, as a self-insurer, to conform its conduct to the UTPA.

16. Home Depot, through Sedgwick, refused to make any payments for the cost of mitigation or reconstruction unless Mr. and Mrs. Satterwhite agree to waive all claims.

17. Sedgwick refuses to provide written confirmation of the liability of its self-insured principal, Home Depot, it has refused to pay any cost of reconstruction without a release of all claims based on its misapprehensions of the legal requirements of Montana law.

18. Montana law requires that Home Depot, through its agent Sedgwick,

pay all reasonable, necessary and related expenses because its liability is reasonably clear. *Ridley v. Guaranty Nat. Ins. Co., 286 Mont. 325, 951 P.2d 987 (1997).*

19. This duty to make the advance payment of reasonable, necessary and causally related losses applies to all losses not just medical expenses. *DuBray v. Farmers Ins. Exchange, 2001 MT 251, 307 Mont. 134, 36 P.3d 897.*

20. An insurer cannot condition the advance payment of those damages which are not reasonably in dispute on the claimant's execution of a settlement agreement and final release. *DuBray, ¶ 41.*

21. The Unfair Trade Practices Act applies to 'every person engaged as indemnitor, surety, or contractor' including 'a person, firm, or corporation utilizing self-insurance to pay claims made against them.' *Section 33-1-201(8), Montana Code Annotated.*

22. Mr. and Mrs. Satterwhite seek a declaration that Sedgwick cannot condition the advance payment of damages that are not reasonably in dipsute on a demand they execute a full and final release of claims.

23. Mr. and Mrs. Satterwhite seek a declaration Home Depot, and its agent Sedgwick, are bound by the strictures of the UTPA.

24. Mr. and Mrs. Satterwhite seek a declaration Home Depot and its agent Sedgwick, must acknowledge liability is reasonably clear.

25. Home Depot, and its adjusting company Sedgwick, are acting in direct violation of Montana law. Their unlawful conduct prevents the parties from reaching a prompt, fair and equitable settlement of Satterwhite's claims.

26. To date, Satterwhite's kitchen remains a gutted shell and requires them to wash their dishes in the bathtub or bathroom sink.

## APPLICABLE STATE LAW

27. Plaintiff's request for a declaratory judgment is being brought pursuant to Montana's Uniform Declaratory Judgment Act §§ 27-8-101, et seq., Montana Code Annotated.

28. This case presents an ongoing case or controversy because Sedgwick and Home Depot are acting under a misapprehension of Montana law that creates uncertainty and insecurity with respect to the rights, status, and legal relations of the parties.

29. The Uniform Declaratory Judgment Act expressly provides the Court power to declare the rights of the parties under the insurance laws of the state of Montana to clarify the parties; rights thereunder.

## APPLICABLE FEDERAL LAW

30. Jurisdiction is proper in Federal District Court under 28 U.S.C. § 1332 based on complete diversity of citizenship and the amount in controversy exceeds $75,000. The state law claims are properly included under supplemental jurisdiction 28 U.S.C. § 1367.

31. Venue is proper in the Butte Division of the Federal District of Montana because plaintiff is a resident of Bozeman, Gallatin County, Montana and defendant Sedgwick Claims Management Services, Inc. is a Florida corporation with its principle place of business in Tennesee. Home Depot USA, Inc. is a Delaware corporation with its principle place of business in Georgia.

## COUNT-1-DECLARATORY JUDGMENT

32. Plaintiff realleges and incorporates by reference paragraphs 1 through 31 as if fully set forth herein.

33. Mr. and Mrs. Satterwhite seek a declaratory judgment Home Depot, and its agent Sedgwick, are required to comport their conduct to the UTPA; that Home Depot, and its agent Sedgwick, are required to acknowledge liability is reasonably clear in order to make possible a prompt, fair and equitable settlement; and they have a duty to advance pay losses which are not reasonably in dispute without requiring a settlement agreement and release of all claims.

**WHEREFORE**, the plaintiff Mr. and Mrs. Satterwhite pray for judgment:

1. A declaration under Montana law as set forth above.

2. Costs, including reasonable attorney fees pursuant to the Uniform Declaratory Judgment Act and the equitable exception in insurance.

3. Such other and further relief as this Court deems just and proper in this cause

DATED this 5th day of September 2023

ANGEL LAW FIRM


/s/ Geoffrey C. Angel
Geoffrey C. Angel
ANGEL LAW FIRM
Attorney for Plaintiff