IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JOHN SATTERWHITE and JULIE SATTERWHITE,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., and HOME DEPOT USA, INC.,<br><br>　　　　Defendants. | CV 23–58–BU–DLC<br><br><br>ORDER |

Before the Court is Defendants' Rule 12 Motion to Dismiss. (Doc. 15.) For the reasons discussed below, the Court grants in part and denies in part the motion.

## BACKGROUND[1]

This action arises out of property damage to Plaintiffs' residence caused by a water leak from a refrigerator purchased from Defendant Home Depot USA, Inc. ("Home Depot") and installed in Plaintiffs' home by an agent of Home Depot. (Doc. 14 ¶¶ 1, 5, 6.) Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick") manages liability claims for Home Depot, which is self-insured for purposes of this claim. (*Id.* ¶ 9.) After discovering the leak and resulting damage to their home on December 26, 2022, Plaintiffs notified Home Depot. (*Id.* ¶ 8.)

---

[1] This factual background is taken from the Amended Complaint. (Doc. 14.)

1

Sedgwick subsequently opened a claim, assigned an adjuster, and investigated. (*Id.* ¶ 10.)

Plaintiffs allege that Home Depot and Sedgwick have refused to disclose their findings regarding liability or confirm whether liability is reasonable clear, acknowledge that Home Depot is bound to conform its conduct to the Montana Uniform Trade Practices Act ("UTPA"), or make any payment for the cost of mitigation or reconstruction unless Plaintiffs agree to waive all claims. (*Id.* ¶¶ 13–16.) Plaintiffs acknowledge that Sedgwick tendered the estimates for reconstruction without requiring a release, (*id.* ¶ 24), however, Sedgwick has refused to provide a valuation for loss of use or advance pay Plaintiffs' loss of use for the total loss of their kitchen since December 26, 2022, (*id.* ¶ 29).

Plaintiffs seek a declaratory judgment stating that:

> [1] Home Depot, and its agent Sedgwick, are required to comport their conduct to the UTPA; [2] that Home Depot, and its agent Sedgwick, are required to acknowledge liability is reasonably clear in order to make possible a prompt, fair and equitable settlement; and [3] they have a duty to advance pay losses which are not reasonably in dispute without requiring a settlement agreement and release of all claims.

(*Id.* ¶ 38.) Plaintiffs also bring a claim for negligence per se regarding the installation of the refrigerator in Plaintiffs' home and seek recovery of related damages. (*Id.* ¶¶ 39–42.)

Defendants move to dismiss the Complaint on two grounds: lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), and

2

failure to state a claim for which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 15.)  Plaintiffs oppose the Motion to Dismiss and, in the alternative, argue that leave to amend should be granted.  (Doc. 19 at 1.)  The Court will address each argument in turn.

## LEGAL STANDARDS

### I.     Rule 12(b)(1): Subject Matter Jurisdiction

Rule 12(b)(1) governs a motion to dismiss for lack of subject matter jurisdiction.  "In considering jurisdiction questions, it should be remembered that 'it is a fundamental principle that federal courts are courts of limited jurisdiction.'"  *Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)).  "In reviewing a [Rule 12(b)(1)] motion to dismiss for lack of jurisdiction, the [C]ourt takes the allegations in the plaintiff's complaint as true."  *Wolfe v. Strankman*, 392 F.3d 358, 360 (9th Cir. 2004).  "When subject matter jurisdiction is challenged under [Rule] 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion."  *Kingman Reef Atoll Invs., L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

### II.    Rule 12(b)(6): Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted).  "In general, the [Rule 12(b)(6)] inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff"; however, the Court "need not accept as true allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008) (internal citation omitted).

DISCUSSION

**I.      Declaratory Judgment Claim**

Defendants argue that there is "no right to a preemptive declaratory judgment under the UTPA for 'loss of use' damages," and, therefore, Plaintiffs' claim for declaratory judgment should be dismissed pursuant to Rule 12(b)(6).  (Doc. 16 at 6.)  In other words, Defendants argue that the UTPA bars the declaratory relief sought by Plaintiffs.  Plaintiffs counter that they only seek a declaration clarifying Defendants' duties under the UTPA, not a declaration that Defendants actually violated the UTPA.  (Doc. 19 at 10.)

Plaintiffs seek a declaratory judgment pursuant to Montana's Uniform Declaratory Judgment Act ("UDJA"), which provides:

> Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

Mont. Code Ann. § 27-8-202. As the Montana Supreme Court has made clear, "courts 'have the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed' and are 'not restricted in any proceeding where declaratory relief is sought in which a judgment or decree will terminate the controversy or remove an uncertainty.'" *Depositors Ins. Co. v. Sandidge*, 504 P.3d 477, 483 (Mont. 2022) (quoting Mont. Code Ann. § 27-8-201; *Safeco Ins. Co. v. Mont. Eighth Jud. Dist. Ct.*, 2 P.3d 834 (Mont. 2000)). Conversely, declaratory relief is not an available cause of action or remedy under the UTPA. Mont. Code Ann. § 33-18-242(3), (4); *see also Woodman v. Std. Ins. Co.* CV 20-153-M-KLD, 2021 WL 927373, at *2 (D. Mont. March 11, 2021) (collecting cases).

The Montana Supreme Court has distinguished between the right to bring a claim for declaratory relief under UDJA and the prohibition on declaratory relief under the UTPA. Perhaps the most well-known example is *Ridley v. Guaranty*

5

*National Insurance Company*, wherein the Montana Supreme Court concluded that a plaintiff could bring a claim for declaratory judgment that an insurer has an obligation under the UTPA to pay medical expenses where liability is reasonably clear regardless of whether a final settlement had been agreed upon.  951 P.2d 987, 989–91 (Mont. 1997).  The court explained that the UDJA provides the right to a declaratory action of this nature "in order to resolve the respective rights and obligations of the parties," even if the declaratory relief does not resolve all factual disputes or questions of liability.  *Id.* at 991.  The Montana Supreme Court has held similarly in other cases involving declaratory actions seeking to resolve an insurer's obligations under the UTPA.  *See, e.g.*, *Safeco*, 2 P.3d at 835 (rejecting an insurer's argument that a claim for declaratory judgment regarding the insurer's obligations under the UTPA and *Ridley* amount to a claim under the UTPA and noting that insurers routinely bring such declaratory actions to resolve their obligations); *Dubray v. Farmers Ins. Exch.*, 36 P.3d 897, 900 (Mont. 2001) (concluding that "declaratory judgment proceedings to determine liability for payment of those damages, such as medical expenses, about which liability is reasonably clear are not barred by the UTPA").

On the other hand, this Court has recognized that, in some instances, a claim for declaratory relief brought pursuant to the UDJA is really, in substance and effect, an impermissible claim for declaratory relief under the UTPA.  In *Woodman*

6

*v. Standard Insurance Company*, the plaintiff-insured brought claims against the defendant-insurer for improperly and unlawfully denying her benefits under her insurance policy.  2021 WL 927373, at *1.  The plaintiff asserted claims for declaratory relief, breach of the covenant of good faith and fair dealing, violations of the UTPA, constructive fraud, and breach of contract.  *Id.*  The insurer argued that the claim for declaratory relief was improper because it was "premised upon UTPA violations which [had] already accrued, and the UTPA does not provide for declaratory relief."  *Id.* at *2.

The Court agreed with the insurer, concluding that, although the claim for declaratory relief did not cite to the UTPA, the "substance" of the "declaratory relief attacks [the insurer's] handling of her insurance claim."  *Id.* at *2.  The Court reasoned that the declaration "would serve as a declaration that [the insurer] incorrectly handled [the] insurance claims, an issue governed by the UTPA."  *Id.*  Moreover, the claim for declaratory relief would ultimately prove to be "duplicative of [the] UTPA and breach of contract claims and therefore superfluous."  *Id.* at *3.  Importantly, the Court also noted that plaintiff did not seek any prospective declaratory relief, only declarations concerning past conduct, and, therefore, the declaratory relief did not offer any remedy that could not be obtained from the plaintiff's other claims.  *Id.*

This Court reached the same conclusion in *James Lee Construction, Inc. v.*

7

*Government Employees Insurance Company*, CV 20-68-M-DWM, 2021 U.S. Dist. LEXIS 269392, at *9 (D. Mont. Sept. 9, 2021).  In that case, the Court concluded that the plaintiff-insureds' claim for declaratory relief was preempted by the UTPA because it specifically sought a declaration that the defendant-insurer's actions violate the UTPA and did not seek prospective relief.  *Id.* at *6–7.  However, the Court acknowledge that under the right set of circumstances, a claim for declaratory relief could avoid being preempted by the UTPA.  *Id.* at 9.

     In this case, Plaintiffs present a valid claim for declaratory relief under the UDJA without encountering the pitfalls identified in *Woodman* and *James Lee Construction*.  Plaintiffs request for declaratory relief does not require that the Court determine whether Defendants have violated the UTPA, only what duties are owed to Plaintiffs under the UTPA.  And, although the declarations sought by Plaintiffs may ultimately bear on whether Defendants have handled the claim in accordance with the UTPA, cases such as *Ridley* make clear that this, alone, does not prohibit a plaintiff from seeking prospective declaratory relief.  Moreover, unlike *Woodman* and *James Lee Construction*, Plaintiffs do seek prospective relief—i.e., a clarification of Defendants' duties under the UTPA—and have not brought any duplicative UTPA claims.

     Defendants next argue that Plaintiffs' claim for declaratory judgment is barred by Mont. Code Ann. § 33-18-242(7)(b) because the underlying claim has

8

not been settled or reduced to a judgment, and, because § 33-18-242(7)(b)'s requirement is jurisdictional, the claim must be dismissed under Rule 12(b)(1). (Doc. 16 at 4–5.) Plaintiffs contend that they are not bringing claims for damages under the UTPA, but instead, are bringing claims for declaratory judgment under the UDJA and damages under Montana's statutory and common law governing tort claims. (Doc. 19 at 8–9.) As such, Plaintiffs maintain that they are not required to comply with § 33-18-242(7)(b). (*Id.*)

Section 33-18-242(7)(b) provides: "A third-party claimant may not file an action under this section until after the underlying claim has been settled or a judgment entered in favor of the claimant on the underlying claim." Consistent with Defendants' argument, this Court has recognized that § 33-18-242(7)(b) is a jurisdictional pre-requisite to suit. *Hayashi v. Travelers Cas. Ins. Co. of Am.*, No. CV 20-111-BLG-TJC, 2021 WL 5579215, at *3 (D. Mont. Nov. 30, 2021). Here, the jurisdictional pre-requisite has not been met because the Amended Complaint contains no allegation that there has been a final settlement or judgment of the claim. However, because Plaintiffs have not brought a claim pursuant to § 33-18-242, subsection (7)(b) does not apply. *See Safeco*, 2 P.3d at 840 (rejecting the argument that a claim for declaratory relief was jurisdictionally barred by the UTPA because the claim for declaratory relief "did not directly seek bad faith damages for a violation of the UTPA").

9

Finally, Defendants argue that even if Plaintiffs' claim for declaratory relief is not preempted or jurisdictionally barred by the UTPA, the claim simply lack any basis in law and, therefore, should be dismissed pursuant to Rule 12(b)(6). (Doc. 16 at 8–11.) Plaintiffs did not directly respond to these arguments but presumably disagrees. (*See* Doc. 19.) The Court concludes that a portion of Plaintiffs' claim for declaratory relief lacks legal support but declines to dismiss the entirety of Plaintiffs' claim.

First, there is legal support for the proposition that Defendants are required to comport their conduct to the UTPA. The UTPA provides that no "person" may engage in certain prohibited conduct relating to insurance claims handling. Mont. Code Ann. § 33-18-201. The UTPA defines "person" as "an individual, insurer, company, association, organization, Lloyd's, society, reciprocal or interinsurance exchange, partnership, syndicate, business trust, corporation, or any other legal entity." Mont. Code Ann. § 33-1-202(3). The Montana Supreme Court has expressly held that claims adjuster*s* are persons prohibited from engaging in the acts set forth in § 33-18-201. *O'Fallon v. Farmers Ins. Exch.*, 859 P.2d 1008, 1014 (Mont. 1993). The UTPA's broad definition of person captures both Home Depot, a corporation, and Sedgwick, a claims management company.

Defendants do not address their status as a "person" under the UTPA, but instead argue that they may not be subject to a cause of action pursuant to § 33-18-

242.  (Doc. 16 at 8.)  Section 33-18-242 provides insureds and third-party claimants an "independent cause of action against an insurer for actual damages caused by the insurer's violation of [§] 33-18-201(1), (4), (5), (6), (9), or (13)."  Mont. Code Ann. § 33-18-242(1).  Following amendments to this section introduced in 2023, the statute now provides: "As used in this section, the term "insurer" does not include a person, firm, or corporation utilizing a captive insurance company to pay claims made against it, unless that captive insurance group is a captive risk retention group."  *Id.* § 33-18-242(9).[2]  Accordingly, there is a question regarding whether Defendants would be subject to a cause of action under the UTPA, which Plaintiffs seek to resolve through their declaratory action.

A "captive insurance company" is defined as "any pure captive insurance company, association captive insurance company, protected cell captive insurance company, special purpose captive insurance company, or industrial insured captive insurance company formed or authorized under the provisions of this chapter."  *Id.* § 33-28-101(8).  The legislative history of the 2023 amendments provide further insight into the meaning of "captive insurance company."  As the proponent of

---

[2] In 2023, the 68th session of the Montana legislature amended Mont. Code Ann. § 33-18-242 as follows:

> As used in this section, ~~an~~ *the term "*insurer*"* ~~includes~~ *does not include* a person, firm, or corporation utilizing ~~self-insurance~~ *a captive insurance company* to pay claims made against ~~them~~ *it, unless that captive insurance group is a captive risk retention group*."

S.B. 260, 2023 Leg., 68th Sess., 2023 Mont. Sess. Laws 997 (codified as amended at Mont. Code Ann. § 33-18-242(9)).

11

those amendments made clear, the terms "captive insurer" and "self-insured" are synonymous in this context. *Revise Insurance Unfair Trade Practices Act Relating to Certain Insurers: Hearing on SB 260 Before the H. Bus. & Lab. Comm.*, 68th Sess. (Mont. 2023) (statement of Sen. Daniel Salomon (R) SD 47), http://sg001-harmony.sliq.net/00309/Harmony/en/PowerBrowser/PowerBrowserV2/20170221/-1/48659?agendaId=263337 ("Today I bring in front of you Senate Bill 260 simply aligns [sic] Montana's Unfair Trade Practices Act with the Model Captive Insurance Code . . . by eliminating application of an independent right of action against captive insurers and self-insured because no conflict of interest exists between the insured and the insurer."); *Revise Insurance Unfair Trade Practices Act Relating to Certain Insurers: Hearing on SB 260 Before the S. Bus., Lab., & Econ. Affs. Comm.*, 68th Sess. (Mont 2023) (Statement of Sen. Daniel Salomon (R) SD 47), http://sg001-harmony.sliq.net/00309/Harmony/en/PowerBrowser/PowerBrowserV2/20170221/-1/49199?agendaId=261863 ("Montana expressly authorizes third-party claimants to sue self-insured entities under the Unfair Trade Practice[s] Act . . . . This provision has been applied against captive insurers before. Under Montana law, a business that's self-insured or uses a captive-insurer for claims handling can be sued for bad faith under the UTPA simply for defending itself in a liability lawsuit.").

As alleged in the Amended Complaint, Home Depot is a self-insured entity

12

using Sedgwick to manage its claims. Accordingly, it appears that neither party is an "insurer" as that term is used in § 33-18-242, and, therefore, third-party claimants, such as Plaintiffs, do not have an independent cause of action against Defendants pursuant to § 33-18-242. However, this does not necessarily exempt Defendants from the requirements of the UTPA because they are still "persons" under § 33-18-201, and, pursuant to § 33-28-207, "captive insurers" remain subject to the requirements of § 33-18-201. Accordingly, there appears to be a legal basis for Plaintiffs' requested declaratory relief regarding Defendants' obligation to comport with the UTPA.

Furthermore, the Court is not persuaded by Defendants' argument that this question is "moot" because "Defendants have complied with, and will continue to comply with, the UTPA," (Doc. 16 at 8), or that this question is unripe because the claim has not yet resolved, (i*d.* at 9). First, whether Defendants have complied with the UTPA is a question that, as Defendants repeatedly point out in their briefing, is not properly before the Court at this time. Second, as explained above, declaratory judgment actions are independent from UTPA claims and, therefore, may be brought before a UTPA claim is ripe.

Next, the Court agrees with Defendants that there is no legal support for the proposition that Defendants must "acknowledge" that liability is reasonably clear. The UTPA imposes certain requirements on insurers to settle claims when liability

13

has become reasonably clear; however, the UTPA does not impose an affirmative obligation on insurers to acknowledge that liability is or is not reasonably clear. *See* Mont. Code Ann. § 33-18-201 (setting forth prohibited conduct). While an insurer's refusal to acknowledge that liability is reasonably clear may ultimately be relevant to a claim for bad faith brought pursuant to the UTPA, Plaintiffs have not brought such a claim. Therefore, the Court agrees that this declaration lacks legal support and should be dismissed from Plaintiffs' claim for declaratory relief.

Finally, the Court finds that there is some basis in law for the proposition that Defendants are required to "advance pay losses which are not reasonably in dispute without requiring a settlement agreement and release of all claims." In *Ridley*, the Montana Supreme Court held that a tortfeasor's insurer is obligated to pay medical expenses as they are incurred and submitted by the tortfeasor's victim when the tortfeasor's liability is reasonably clear and the expenses are causally related to the injury. 951 P.2d at 992. The court explained that § 33-18-201(6) and (13), by their terms, impose such a duty. *Id.*

In so holding, the court in *Ridley* rejected the argument that an insurer need not make any payments toward a claimant's injury until final settlement of the entirety of the injured party's claim. *Id.* The court reasoned that "the reference to 'settlements,' rather than a 'final settlement' [in subsection (6)], would suggest that the Montana Legislature anticipated that an insurer may have more than one

obligation arise from the same incident." *Id.* The court further explained that this "interpretation of subsection (6) is more consistent with the purpose of § 33-18-201, . . . which is to assure prompt payment of damages for which an insurer is clearly obligated." *Id.* at 993. The court added that subsection (13) also supports its holding, stating "the leveraging of undisputed claims in order to settle disputed claims is exactly what the Montana Legislature sought to prohibit" under subsection 33-18-201(13). *Id.* In other words, subsection (13) "applies to an insurer's failure to pay one type of damages for which liability has become reasonably clear in order to influence settlement of claims for other types of damages made pursuant to the same policy." *Id.* at 994.

    *Ridley* involved an automobile accident in which the plaintiff was injured by a negligent driver, *id.* at 988–89, and, to date, it does not appear that *Ridley*'s holding has been applied outside of the automobile liability context. However, the Montana Supreme Court has not explicitly held that *Ridley* only applies in the automobile liability context. Furthermore, the court has stated that *Ridley*'s core principle may apply to damages other than medical expenses. *Dubray*, 36 P.3d at 900 (stating that "to construe *Ridley* as applying only to medical expenses just because medical expenses were all that were at issue in that case is to construe our holding too narrowly and ignore the principle for which it stands."). Thus, although there is no direct support for Plaintiffs' position that advance payment of

damages, particularly loss of use damages, are owed in this context, there is a legal basis from which Plaintiffs may make their argument.

Accordingly, the Court finds that Plaintiffs' claim for declaratory relief should be dismissed only to the extent that it seeks a declaration that Defendants must "acknowledge" that liability is reasonably clear.

## II.     Negligence Claim

Turning next to Plaintiffs' negligence claim, Defendants argue there is no statutory basis for the claim and Sedgwick is not a proper party to the claim so the claim should be dismissed pursuant to Rule 12(b)(6). (Doc. 16 at 11.)  At the same time, Defendants appear to concede that a claim for negligence is an available cause of action under these circumstances.  (*See id.* at 12, Doc. 20 at 11.)  Plaintiffs respond that Sedgwick is not targeted in their negligence claim and that they have plead sufficient facts to support a claim for negligence under Montana's statutory and common law on negligence.  (Doc. 19 at 5–6.)

This case is before the Court pursuant to its diversity jurisdiction and is therefore governed by Montana tort law.  *See Med. Lab'y Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 812 (9th Cir. 2002) (explaining that a federal court sitting in diversity applies the substantive law of the forum state).  Pursuant to Mont. Code Ann. § 28-1-201, "[e]very person is bound, without contract, to abstain from injuring the person or property of another or infringing upon any of

16

another person's rights."  A person acts negligently if they fail to act as an ordinarily prudent person would act under the circumstances.  *Wenger v. State Farm Mut. Auto. Ins. Co.*, 483 P.3d 480, 485 (Mont. 2021).  To sufficiently allege a claim of negligence, a complaint need only set forth facts that give rise to an inference of duty, breach, causation, and damages.  *Abraham v. O'Brien*, 472 P.3d 1204, 1204 (Mont. 2020).

The Amended Complaint satisfies this requirement with respect to Home Depot, and, as Plaintiffs explain, they do not bring their negligence claim against Sedgwick.  Furthermore, the Court rejects Defendants' proposition that Plaintiffs' negligence claim is somehow transformed into a claim under the UTPA.  (Doc. 16 at 12.)  The UTPA and Montana's law on torts provide separate causes of action and there is no reason to conflate the two in this case.

### III. Leave to Amend

Plaintiffs request leave to amend should the Court find any deficiency in the Amended Complaint.  (Doc. 19 at 12.)  Defendants maintain that Plaintiffs' claim for declaratory relief should be dismissed, but "acknowledge there is an ongoing dispute concerning the amount of loss of use damages Plaintiffs suffered as a result of the water leak."  (Doc. 20 at 11.)  Accordingly, Defendants suggest that Plaintiffs be granted leave to amend their complaint in order to reallege claims against Home Depot for damages caused by the water leak and remove any claims

17

against Sedgwick and any reference to the UTPA.  (*Id.*)

Generally, leave to amend a complaint "should be given freely." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).  However, the Court "may dismiss a complaint without leave to amend if the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Sanchez v. L.A. Dep't of Transp.*, 39 F.4th 548, 562 (9th Cir. 2022) (internal quotation marks omitted).

Here, amendment would be futile.  The legal insufficiency outlined above cannot be overcome through the allegation of additional facts.  The Court is not persuaded that amendment is required in order to clarify the scope of Plaintiffs' negligence claim or the remaining portion of Plaintiffs' claim for declaratory relief.  To the extent either party desires a modification of the Court's scheduling order, a separate motion may be filed.

## CONCLUSION

Accordingly, IT IS ORDERED that Defendants' Motion to Dismiss (Doc. 15) is GRANTED IN PART and DENIED IN PART.  Plaintiffs' claim for declaratory relief is dismissed insofar as it seeks a declaration that Defendants are required to "acknowledge" that liability is reasonably clear.  Defendants' motion is denied in all other respects.

DATED this 14th day of August, 2024.

/s/ Dana L. Christensen

Dana L. Christensen, District Judge
United States District Court